# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY LEE LEE,<br><br>   Plaintiff,<br><br>   vs.<br><br>VANDENBERGHE PROPERTIES,<br><br>   Defendant. | CASE NO. CV F 13-0180 LJO MJS<br><br>**ORDER TO DISMISS ACTION**<br><br>(Doc. 8.) |

## BACKGROUND

This Court's February 13, 2013 order ("February 13 order") dismissed with leave to amend plaintiff May Lee Lee's ("Ms. Lee's") operative complaint ("complaint") and required Ms. Lee, no later than March 6, 2013, to file and serve an amended complaint which satisfies federal pleading requirements. The February 13 order "**ADMONISHES Ms. Lee that this Court will dismiss this action if Ms. Lee fails to comply with this order and fails to file timely an amended complaint.**" (Bold in original.) Ms. Lee disobeyed the February 13 order and failed to file an amended complaint.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

1

[Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Ms. Lee indicates a lack of interest to further litigate or prosecute legitimate claims, if any, she may have. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The February 13 order "**ADMONISHES Ms. Lee that this Court will dismiss this action if Ms. Lee fails to comply**

1  **with this order and fails to file timely an amended complaint.**" (Bold in original.) Ms. Lee offers
2  nothing to support pursuit of her purported claims. As such, Ms. Lee has failed to comply with the
3  February 13 order despite adequate warning that dismissal will result from disobedience of this Court's
4  order.
5        Moreover, the February 13 order demonstrates that the complaint lacks a viable claim. This
6  Court construes absence of a meaningful response to the February 13 order as a concession that Ms. Lee
7  lacks viable claims. As detailed in the February 13 order, the complaint lacks cognizable claims or legal
8  theories upon which to support liability.

## CONCLUSION AND ORDER

10        For the reasons discussed above, this Court DISMISSES this action in its entirety and DIRECTS
11  the clerk to enter judgment pursuant to this order and to close this action.
12  IT IS SO ORDERED.
13  **Dated:   March 7, 2013**            /s/  Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE